## Charles C. Wright, Appellee, v. Fred Sipple, Appellant.

### Gen. No. 5,714.

1. CONVERSION—*when contract of defendant to sell goods after trial is begun improperly admitted.* In an action for conversion it is improper to admit a contract whereby defendant sold the goods in question after the action was begun, if it is introduced to prove conversion after the beginning of the action.

2. CONVERSION—*when shown.* Conversion is shown where plaintiff shows that defendant locked up goods, which he, plaintiff, had bought and partly paid for and prevented his having access to them.

3. CONVERSION—*what evidence proper as to defendant's treatment of goods after the beginning of the trial.* A contract whereby defendant, in an action for conversion, sold the goods in question after the beginning of the action is competent as showing that when defendant locked up the goods before the action he meant thereby to possess himself thereof and its admission is not made erroneous by the fact that such sale is consistent with defendant's testimony that he bought the goods of plaintiff on a settlement.

4. EVIDENCE—*what instruction misleading.* An instruction that if the evidence on any question is equally balanced it should be answered against the party having the burden of the issue is apt to mislead when the burden of the issue is not explained though there are two issues, and each of the parties has the burden of proving one of them.

5. EVIDENCE—*instructions.* In an action for conversion, an instruction is improper which is to the effect that plaintiff must satisfy the jury throughout the entire case of the correctness of his story.

Appeal from the County Court of Will county; the Hon. GEORGE J. COWING, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913.

ALBERT H. KRUSEMARK, for appellant.

F. M. FAHEY, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Appellee sued appellant for the unlawful conversion

of some blacksmith tools before a justice of the peace in Will county, and appealed to the County Court where the appeal was tried and appellee had a verdict and judgment for $15 for the value of the goods, and appellant brings the case here on appeal.

Appellee bought some blacksmith tools of appellant and had partly but not wholly paid for same, when according to appellee's testimony, appellant went to his shop and locked it up and forbid him using the tools again until they were paid for. Appellant's testimony tended to show instead, he and appellee had a settlement by which he took the tools in payment of the balance due. Which version was true was a question of fact for the jury. Their decision in favor of appellee cannot be here disturbed unless the court erred in rulings on evidence and instructions.

Appellee introduced in chief a contract whereby appellant sold these tools to another person a month or two after this suit was begun, and appellant contends that sale was erroneously admitted. It was not competent to prove that after this suit was begun, the defendant converted the goods to his own use, and if that alone was the purpose of the proof, it was improper; but we can see it was not the purpose for which it was offered and admitted. It is to be remembered that when this proof was offered and admitted it was in the presentation of appellee's proof in chief, and appellant's testimony that he claimed a contract between himself and appellee by which the goods were his in satisfaction of a debt, had not been presented. As the case then stood appellee had proved that appellant locked up the goods and prevented his having access to them, and thereby converted them. That this would be a conversion is shown in 1 Chitty's Pleading in discussing the subject of "Trover." We think this contract was competent, not as showing a conversion at the date it was made, but as showing that when appellant locked up the goods, before suit was begun, he meant thereby to possess himself of the goods absolutely.

His subsequent act of selling illustrated his previous act in seizing and showing he thereby intended to take the goods. Such a taking of the goods in the absence of an agreement was of course unlawful. The fact that it afterwards turned out said subsequent sale would also be consistent with appellant's testimony that he bought these goods of appellee on a settlement, did not make the admission in evidence of the contract of sale erroneous.

Complaint is made of the refusal of appellant's instructions 18, 20 and 21. Instruction 18 was to the effect that if the evidence was equally balanced on any question, the jury should answer it against the party who had the burden of the issue. It did not explain, however, what was meant by the burden of the issue, and was liable to be misunderstood by the jury. There were in fact two issues, one whether appellant illegally took this property, on which the burden was on appellee, and another where appellant set up another contract between himself and appellee by which the goods were to be his, upon which, the burden was upon appellant.

Instructions 2 and 4 given at the request of appellee sufficiently instructed the jury on those issues so far as appellee was concerned. Instruction 15 sufficiently instructed the jury upon appellant's behalf on this subject. Instruction 20 was to the effect that appellee had to satisfy the jury throughout the entire case of the correctness of his story, whereas there might have been matters in his story that were immaterial to the issues. It was further to the effect that in a certain condition of the testimony the jury had some doubt in their minds. We think this was an improper instruction.

The duty of appellee to prove his case by a preponderance of the evidence and the result from failure to do so were clearly set out in the 14th instruction, given at the request of appellant. Instruction 21 would have been good if the burden had been upon appellee

upon all of the issues, but it was erroneous as applied to the issue where the burden rested upon appellant to prove a subsequent contract by which these goods became appellee's.

Judgment is affirmed.

*Affirmed.*